IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAROD GRAHAM, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-3686 |
| | : | |
| v. | : | |
| | : | |
| DEREK OBERLANDER–SUPERINTENDENT [1], THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 9th day of January, 2020, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Sharod Graham ("Graham") (Doc. No. 2), the response to the petition filed by the respondents (Doc. No. 10), Graham's response to the respondents' response (Doc. No. 11), United States Magistrate Judge Elizabeth T. Hey's report and recommendation (Doc. No. 12), and Graham's motion to vacate the report and recommendation (Doc. No. 14), it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. The motion to vacate the report and recommendation (Doc. No. 14) is **DENIED**.[2]

3. The Honorable Elizabeth T. Hey's report and recommendation (Doc. No. 12) is **APPROVED** and **ADOPTED**;[3]

4. The petition for a writ of habeas corpus (Doc. No. 2) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] At the time Graham filed his habeas petition, Michael Overmyer was the superintendent of the facility where Graham was serving his sentence, the Forest State Correctional Institution in Marienville, Pennsylvania, and Graham properly named Mr. Overmyer as the respondent in this action. Since that time, Derek Oberlander has replaced Mr. Overmyer as superintendent. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases (requiring state officer with current custody of petitioner to be named as respondent) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Mr. Oberlander as a respondent in this action.

[2] In the motion to vacate the report and recommendation, Graham attempts to amend his petition to include a new claim that the evidence presented at trial was insufficient to sustain a first-degree murder conviction (and instead only constituted involuntary or voluntary manslaughter). Def.'s Mot. to Vacate the R. & R. at 1, Doc. No. 14. Before a federal court can turn to the merits of any habeas claim, a petitioner must comply with the exhaustion requirement of section 2254(b), by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In the instant case, Graham, through counsel, has previously raised this issue on direct appeal claiming that the evidence was insufficient to support the first-degree murder conviction. Br. for Appellant, *Commonwealth v. Graham*, No. 1658 EDA 2012, 2012 WL 8947645 (Pa. Super. Feb. 22, 2013). The Pennsylvania Superior Court rejected Graham's argument. *Commonwealth v. Graham*, No. 1658 EDA 2012, 2013 WL 1125068, at *3 (Pa. Super. Oct. 21, 2013). The Pennsylvania Supreme Court then denied Graham's petition for allowance of appeal. Order, *Commonwealth v. Graham*, No. 598 EAL 2013, (Pa. June 2, 2014). Therefore, Graham's claim is procedurally exhausted.

Nonetheless, this claim lacks merit. When it comes to the constitutional sufficiency of the evidence to support the conviction,

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (citations omitted). In rejecting Graham's sufficiency argument, the Superior Court held that "a review of the evidence shows that this claim is utterly lacking in merit. Mr. Beard identified [Graham] as the individual present behind the deli who savagely beat Ms. M[redacted] with his fists and fled the scene on the night of March 24, 2010." *Graham*, 2013 WL 11254068, at *8. Additionally, the Superior Court noted that "the search of [Graham]'s residence following the death of Ms. M [redacted][] resulted in the seizure of the shirt worn by [Graham] on March 24, 2010. It contained DNA from the victim. DNA . . . confirmed that the sweatshirt had been worn by [Graham]." *Id.*

Regarding any sufficiency of the evidence claim about [Graham] lacking the specific intent to kill, the Superior Court found that the hits "were not casual hits, but forceful blows from a large man standing over a defenseless woman, which evince that defendant wanted to kill the victim." *Id.* at *9. Furthermore, concerning the claim that [Graham] acted with diminished capacity due to alcohol ingestion, the Superior Court also found ample evidence to reject this argument, noting

> [w]hile [Graham] claims that he consumed alcohol the night he killed Ms. M [redacted] and could not recall what occurred during the incident itself, he had no difficulty recalling the events leading up to and following the fatal assault. . . . The fact that [Graham] could relate these events with such clarity indicates that he was not impaired to the extent necessary to make out the defense of diminished capacity.

*Id.*

The Superior Court applied the correct legal standard in analyzing Graham's insufficiency of the evidence claim. *See id.* at *3 (describing standard); *see also Evans v. Court of Common Pleas, Del. Cty.*, 959 F.2d 1227, 1233 (3d Cir. 1992) ("Evans correctly points out that that test for insufficiency of the evidence is the same under both Pennsylvania and federal law" (footnote omitted)). In addition, the Superior Court's decision was not an "unreasonable application of" clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Instead, given the facts of this case, this court agrees with the Superior Court that a rational trier of fact could have found the essential elements of the crime, first-degree murder (18 Pa. C.S. § 2502(a)), beyond a reasonable doubt. Accordingly, Graham's sufficiency of the evidence argument lacks merit and the court will deny his motion to vacate the R&R so that he can amend his petition to include an insufficiency of the evidence to support a first degree murder conviction claim.

[3] Although Graham filed a motion to vacate the R&R (Doc. No. 14), he did not file objections to the R&R or ask the court to extend the time for him to file objections. The motion itself does not constitute an objection to the R&R because at no point in this motion does Graham even claim that the Magistrate Judge erred in the R&R. Because Graham's motion only references his prior claim that the trial court lacked subject-matter jurisdiction, the court believes it would be disingenuous to consider the motion as an objection to the R&R as opposed to a separate motion to vacate the R&R so that Graham may amend his petition.

Since neither party filed objections to Magistrate Judge Hey's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Hey's report for plain error and has found none.